JASON J. KENNEDY, ESQ.; SBN: 265391
Jason@JJKLegal.com
KENNEDY LAW FIRM
3530 Camino del Rio North, Suite 110
San Diego, California 92108
Tele/Fax: (619) 764-6999

Attorney for Plaintiff Board of Trustees of the
Tile Industry Health and Welfare Fund

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TILE INDUSTRY HEALTH AND WELFARE FUND,<br><br>　　　　　　Plaintiff,<br>v.<br><br>CURTIS CLARK SAMPLE, an individual,<br><br>　　　　　　Defendant. | CASE NO.: 5:24-cv-2505<br><br>**COMPLAINT FOR BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND RELATED TRUST AGREEMENTS, VIOLATION OF SECTION 515 OF ERISA and BREACH OF CONTRACT** |

　　　　Plaintiff BOARD OF TRUSTEES OF THE TILE INDUSTRY HEALTH AND WELFARE FUND complains and alleges as follows:

## JURISDICTION AND VENUE

　　　　1.　　This Court has jurisdiction over this case under Section 502(e) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C § 1132(e), which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA.  Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court also has jurisdiction over this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. The subject Trust Funds (defined *infra*) are administered by Boards of Trustees in the City of West Covina, County of Los Angeles. Venue is therefore proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), as it is the district in which the subject employee benefit plan and associated plans are administered, it is the district in which the relevant acts took place, and it is the district in which monies are due and payable.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES

5. Plaintiff BOARD OF TRUSTEES OF THE TILE INDUSTRY HEALTH AND WELFARE FUND ("Plaintiff") is the governing body of the Tile Industry Health and Welfare Fund; aka Tile Insurance Trust Fund. The Tile Industry Health and Welfare Fund; Tile Industry Retirement Savings Trust Fund; Bricklayers & Trowel Trades International Pension Fund; Joint Apprenticeship Trust Fund Tile Laying Industry; Tile and Marble Labor Management Trust; International Masonry Institute; Southern California Tile, Marble & Terrazzo Compliance Trust Fund; Tile Employers Contract Administration Fund (collectively "Trust Funds") are jointly administered labor management trust funds which were established and are maintained according to the provisions of their respective Agreements and Declarations of Trust, pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5).

6. The Tile Industry Health and Welfare Fund is authorized by the respective Boards of Trustees of the Trust Funds to receive and collect contributions on behalf of

the Trust Funds. The Trust Funds are multiemployer plans within the meaning of ERISA §§ 3(37)(A) and 515, 29 U.S.C. §§ 1002(37)(A) and 1145. Plaintiff is a fiduciary with respect to the Tile Industry Health and Welfare Fund within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). The Tile Industry Health and Welfare Fund provides employee benefits pursuant to a multiemployer plan as defined in ERISA section 3(37)(A), 29 U.S.C. § 1002(37)(A).

7. The Trust Funds are each duly organized and operating in this State, or Washington, D.C.

8. SAMPLE TILE AND STONE, INC., a California corporation ("SAMPLE") is, and at all times relevant herein was, a corporation organized and existing under the laws of the State of California with its principal place of business in San Bernardino, California.

9. Plaintiff is informed and believes that Defendant CURTIS CLARK SAMPLE, an individual ("Defendant CURT SAMPLE"), is an individual residing in Riverside, California, and the Chief Executive Officer, President, and sole shareholder of SAMPLE.

10. Plaintiff is informed and believes that Defendant CURT SAMPLE is liable for the acts of SAMPLE alleged in this Complaint as its alter ego. At all times relevant hereto, SAMPLE was the alter ego of Defendant CURT SAMPLE, and there existed a unity of interest and ownership between SAMPLE and Defendant CURT SAMPLE such that any separateness between them had ceased to exist in that Defendant CURT SAMPLE completely controlled, dominated, managed, and operated SAMPLE to suit his convenience.

11. Plaintiff is informed and believes that, specifically, at all times relevant hereto, Defendant CURT SAMPLE (1) controlled the business and affairs of SAMPLE; (2) disregarded legal formalities and failed to maintain arm's length relationships between himself and the corporate entity; (3) inadequately capitalized the corporate entity; and (4) held himself out as personally liable for the debts of the

corporate entity.

12. Plaintiff is informed and believes that, at all times relevant thereto, SAMPLE was not only influenced and governed by Defendant CURT SAMPLE, but there was such a unity of interest and ownership that the individuality, or separateness, of Defendant CURT SAMPLE and SAMPLE had ceased, and that the facts are such that an adherence to the fiction of the separate existence of these entities would, under the particular circumstances, sanction an inequity, injustice, or an overall element of unfairness. Particularly, Plaintiff is informed, and on that basis alleges that recognition of the privilege of separate existence would promote injustice and allow Defendant CURT SAMPLE to avoid payment to Plaintiff as required under statute and contract, when Defendant CURT SAMPLE in bad faith dominated and controlled SAMPLE as follows:

    a. Defendant CURT SAMPLE failed to maintain minutes and/or adequate corporate records of SAMPLE.

    b. Defendant CURT SAMPLE failed to adequately capitalize SAMPLE.

    c. Defendant CURT SAMPLE diverted assets from SAMPLE to himself, to the detriment of creditors, including Plaintiff.

13. For all of these reasons, Defendant CURT SAMPLE is liable for the acts of SAMPLE alleged in this Complaint as its alter ego.

## **BACKGROUND FACTS**

14. SAMPLE has, at all times relevant herein, been signatory to the collective bargaining agreement between the Associated Tile Contractors of Southern Associated Tile Contractors of Southern California and the Bricklayers and Allied Craftworkers Local No. 4, California ("CBA"). The CBA incorporates, and SAMPLE agreed to be bound by, the respective Agreement and Declarations of Trust and plan documents of each of the Trust Funds ("Trust Agreement" and together with the CBA, "Agreements"). A true and correct copy of the Tile Layer, Tile Finisher & Marble

Finisher Agreement covering the period of June 1, 2022, through May 31, 2026 is attached hereto and incorporated herein by reference as Exhibit "A." Also attached hereto, is a true and correct copy of the signature page binding SAMPLE to a prior bargaining agreement dated August 19, 2015, attached hereto as Exhibit "B."

15. The Agreements require contributions to be paid to the Trust Funds, calculated upon each hour of covered work performed by employees performing work within the scope defined in the CBA. The Trust Funds provide benefits such as pension, health and welfare, and educational benefits to employees performing brick and tile work for signatory employers.

16. Under the Agreements, SAMPLE is required to submit remittance reports and contributions to Plaintiff at the rates set forth in the Wage Benefit Addendum to the CBA.

17. Particularly, SAMPLE agreed to prepare and submit true, complete and accurate written monthly contribution reports ("reports") to Plaintiff on a timely basis showing the identities of its employees performing work covered by the Agreements, and the number of hours worked by or paid to these employees.

18. SAMPLE further agreed to submit the reports and employer contribution payments ("contributions") in the amounts required by the Agreements to Plaintiff by the last day of the calendar month following the month in which the related hours were worked, and if not so submitted, is deemed delinquent and in violation of the Agreements.

19. SAMPLE is also required to permit periodic audits by Plaintiff under the terms of the Agreements.

20. Under the Agreements, in the event of a delinquency, employers are liable for interest at the rate of ten percent (10%) per annum from the contribution due date until paid, and liquidated damages calculated at the rate of twelve percent (12%) per annum. However, if an employer has more than two delinquencies within a rolling twelve (12) month period, upon the occurrence of a third (3rd) delinquency within a

rolling twelve (12) month period, interest on such delinquent contributions shall accrue at the rate of eighteen (18%) per annum from the Delinquency Date until payment is made in full. Further, liquidated damages on such delinquent contributions shall accrue at the rate of twenty percent (20%) per annum, and will be assessed immediately on the Delinquency Date. Here, due to the multiple delinquencies of SAMPLE, the higher rates on interest (18% per annum) and liquidated damages (20% per annum) apply. Additionally, under the Agreements, SAMPLE is liable for all other costs and expenses including, but not limited to, attorney's fees and costs, and audit fees and costs, incurred by Plaintiff.

## FIRST CLAIM FOR RELIEF

## BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND RELATED TRUST AGREEMENTS PURSUANT TO SECTION 301(A) OF THE LMRA

**(Against Defendant CURT SAMPLE as alter ego of SAMPLE)**

21. Plaintiff hereby incorporates by reference paragraphs 1 through 20 above to the same effect as if set forth verbatim here.

22. Plaintiff is informed and believes, and alleges thereon, that at relevant times herein, SAMPLE performed work covered by the Agreements for which it failed to pay contributions, in violation of the Agreements.

23. For the months of April, May, and June 2023, SAMPLE submitted reports to the Trust Fund, showing the total of $381,921.01 in contributions due for those three months. SAMPLE has only made partial payment of these amounts, as discussed in depth below. To date, $234,849.40 in contributions remain outstanding. Additionally, pursuant to the Agreements, a total of $71,497.64 in interest, and $79,441.83 in liquidated damages have accrued to date, and these amounts will continue to accrue.

24. Additionally, at the time of this Complaint, Plaintiff is informed and believes that SAMPLE has failed to provide payment as required by the Agreements for the time period of September 2024 to present.

Complaint                                                                 Case No.: 5:24-cv-2505

25. Lastly, further amounts may be due or become due subsequent to the filing of this Complaint, or additional amounts might be due unknown to Plaintiff at this time.

26. By reason of the foregoing, Plaintiff is informed and believes that SAMPLE has breached the Agreements and failed to pay contributions, interest and liquidated damages in an amount exceeding $385,788.87.

27. There is no legal excuse for SAMPLE's breach of the Agreements. Plaintiff warrants that all conditions, covenants and promises on their part that are or were required to be performed as conditions precedent for SAMPLE's performance under the Agreements have been properly performed.

28. It has been necessary for Plaintiff to engage legal counsel and incur costs for the purpose of collection of contributions and other amounts. Plaintiff is entitled to reasonable attorney's fees and costs, and audit fees and costs, in connection therewith pursuant to the Agreements.

29. The Agreements do not require Plaintiff to exhaust administrative remedies before initiating this action.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF SECTION 515 OF ERISA

**(Against Defendant CURT SAMPLE as alter ego of SAMPLE)**

30. Plaintiff hereby incorporates by reference paragraphs 1 through 29 above to the same effect as if set forth verbatim here.

31. Plaintiff is informed and believes, and alleges thereon, that at relevant times herein, SAMPLE performed work covered by the Agreements for which it failed to pay contributions, in violation of the Agreements.

32. For the months of April, May, and June 2023, SAMPLE submitted reports to the Trust Fund, showing the total of $381,921.01 in contributions due for those three months. SAMPLE has only made partial payment of these amounts, as discussed in depth below. To date, $234,849.40 in contributions remain outstanding. Additionally, pursuant to the Agreements, a total of $71,497.64 in interest, and $79,441.83 in

liquidated damages have accrued to date, and these amounts will continue to accrue.

33. Additionally, at the time of this Complaint, Plaintiff is informed and believes that SAMPLE has failed to provide payment as required by the Agreements for the time period of September 2024 to present.

34. Lastly, further amounts may be due or become due subsequent to the filing of this Complaint, or additional amounts might be due unknown to Plaintiff at this time.

35. By reason of the foregoing, Plaintiff is informed and believes that SAMPLE has breached the Agreements and failed to pay contributions, interest and liquidated damages in an amount exceeding $385,788.87.

36. There is no legal excuse for SAMPLE's breach of the Agreements. Plaintiff warrants that all conditions, covenants and promises on their part that are or were required to be performed as conditions precedent for SAMPLE's performance under the Agreements have been properly performed.

37. It has been necessary for Plaintiff to engage legal counsel and incur costs for the purpose of collection of contributions and other amounts. Plaintiff is entitled to reasonable attorney's fees and costs, and audit fees and costs, in connection therewith pursuant to the Agreements.

38. The Agreements do not require Plaintiff to exhaust administrative remedies before initiating this action.

## THIRD CLAIM FOR RELIEF

### BREACH OF WRITTEN CONTRACT - PAYMENT AGREEMENT

**(Against Defendant CURT SAMPLE)**

39. Plaintiff hereby incorporates by reference paragraphs 1 through 38 above to the same effect as if set forth verbatim here.

40. On or about August 15, 2023, Plaintiff, on the one hand, and SAMPLE and Defendant CURT SAMPLE, on the other hand, entered into a Payment Agreement ("Payment Agreement") to repay $381,921.01 in contributions, $10,287.67 in interest, and $11,430.75 in liquidated damages, that was delinquent to Plaintiff at that time. The

Payment Agreement required payment in the following amounts:

(a) On September 15, 2023, and on the fifteenth (15th) of the month for each month through January 15, 2024, SAMPLE and/or Defendant CURT SAMPLE were to make a monthly payment in the amount of $15,000.00;

(b) On February 15, 2024, SAMPLE and/or Defendant CURT SAMPLE were to make a monthly payment in the amount of $40,000.00;

(c) On March 15, 2024, and on the fifteenth (15th) of the month of each month through July 15, 2024, SAMPLE and/or Defendant CURT SAMPLE were to make a monthly payment in the amount of $15,000.00;

(d) On August 15, 2024, SAMPLE and/or Defendant CURT SAMPLE were to make a monthly payment in the amount of $40,000.00;

(e) On September 15, 2024, and on the fifteenth (15th) of the month for each month through January 15, 2025, SAMPLE and/or Defendant CURT SAMPLE were to make a monthly payment in the amount of $15,000.00; and

(f) On February 15, 2025, SAMPLE and/or Defendant CURT SAMPLE were to make a final balloon payment in the amount of $139,953.61.

41. The Payment Agreement also specifically required that Defendant CURT SAMPLE accept personal liability for the amounts due under the Payment Agreement. A true and correct copy of the Payment Agreement is attached hereto and incorporated herein by reference as Exhibit "C."

42. The Payment Agreement also specifically required that Defendant CURT SAMPLE become personally responsible for the continued prompt payment of current contributions that became due and owing to the Trust Funds under the Agreements for

the entire period of the payment term beginning July 2023 until the Payment Agreement was paid in full.

43. Unfortunately, SAMPLE and Defendant CURT SAMPLE have breached the Payment Agreement. SAMPLE and Defendant CURT SAMPLE made the payments due under the Payment Agreement through August 15, 2024. However, SAMPLE and Defendant CURT SAMPLE made numerous payments late, and Plaintiff was required to serve SAMPLE and Defendant CURT SAMPLE with Notices of Default pursuant to the terms of the Payment Agreement numerous times.

44. Thereafter, SAMPLE and Defendant CURT SAMPLE failed to make the payments required under the Payment Agreement that became due September 15, 2024, and October 15, 2024. On November 6, 2024, Plaintiff provided Notice of Default pursuant to the Terms of the Payment Agreement, providing SAMPLE and Defendant CURT SAMPLE with until November 21, 2024, to make the required payments else face default. SAMPLE and Defendant CURT SAMPLE failed to make the required payments by the date required by the Notice of Default.

45. Therefore, with accrued interest, the total now due on the Payment Agreement is $206,251.28. Plaintiff has been damaged in this amount by SAMPLE and Defendant CURT SAMPLE's breach of this Payment Agreement. Interest in the amount of ten percent continues to accrue.

## PRAYER FOR RELIEF

**WHEREFORE**, on the First and Second Claim for Relief, Plaintiff prays for a judgment against Defendant CURT SAMPLE, as follows:

1. For unpaid fringe benefit contributions, interest, and liquidated damages of at least $385,788.87, in an amount to be shown through proof at trial;

2. For pre-judgment interest on all contributions due at the contractual rate in an amount to be shown through proof at trial;

3. For liquidated damages on all contributions due at the contractual rate in an amount to be shown through proof at trial;

4. For attorney's fees and costs;

5. For such other and further relief as the Court may deem just and proper.

**WHEREFORE**, on the Third Claim for Relief, Plaintiff prays for a judgment against Defendant CURT SAMPLE as follows:

1. For breach of contract damages of at least $206,251.28, in an amount to be shown through proof at trial.

2. For unpaid fringe benefit contributions, interest, and liquidated damages due under the Payment Agreement, in an amount to be shown through proof at trial;

3. For such other and further relief as the Court may deem just and proper.

DATED: November 22, 2024                KENNEDY LAW FIRM


                                        By: S/Jason J. Kennedy
                                        Jason J. Kennedy, Esq.
                                        Attorney for Plaintiff
                                        Email: Jason@JJKLegal.com